UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD JEFFERSON BRADLEY,

    Plaintiff,

    v.

INDIANA DEPARTMENT OF CHILD
SERVICES, et al.,

    Defendants.

Case No. 3:24-CV-863-CCB-SJF

## OPINION AND ORDER

Donald Jefferson Bradley filed a pro se complaint (ECF 1) and a motion for leave to proceed *in forma pauperis* (ECF 2) on October 17, 2024. Bradley's *in forma pauperis* motion, submitted on a standard *in forma pauperis* form, details that he has no income. (ECF 2). In his complaint, he alleges that on September 23, 2024, he arrived at a local Indiana Department of Child Services ("DCS") office and started recording "for a story he was conducting." (ECF 1 at 2). DCS staff told him to leave and eventually called the Rochester Police Department, which he alleges violated his right to freedom of speech and freedom of press. (*Id.*). Bradley brings claims against DCS and DCS employee Lyndsie Waren under 42 U.S.C. Section 1983 for alleged violations of his First and Eighth Amendment rights. (*Id.* at 3). He is asking for relief that DCS "be educated on the 1st Amendment, 8th Amendment and grant punitive damages of $100,000." (*Id.*) (cleaned up).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees…." A person is unable to pay the filing fee if "because of [their] poverty [doing so would] result in the inability to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants … benefit from various procedural protections," including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Bradley's complaint fails to state a plausible claim for relief because he is attempting to bring a Section 1983 claim against DCS. DCS is an Indiana state agency and "neither a state nor, by extension, a state agency, is a "person" for the purposes of §

2

1983." *Sanders v. Indiana Dep't of Child Servs.*, 806 F. App'x 478, 480 (7th Cir. 2020); *see Will v. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). DCS is therefore "not a suable 'person' within the meaning of Section 1983," and his claim against DCS must fail. *Id.*

Additionally, Bradley appears to be suing Lyndsie Waren in her official capacity because he listed "FCM" next to her name, which means "Family Case Manager." (ECF 1 at 1). Claims against state actors in their official capacities are claims against the state actor itself. *Will*, 491 U.S. at 71. Therefore, for the same reasons that Bradley cannot sue DCS, Bradley also cannot sue Waren in her official capacity and his complaint fails to state a plausible claim.

In case Bradley is suing Waren in her individual capacity, his complaint still fails to state a claim upon which relief could be granted because he appears to be asking for equitable relief in the form of an injunction commanding that DCS "be educated" on the First and Eighth Amendment. "[A] plaintiff seeking injunctive relief must show that he is in immediate danger of sustaining some direct injury." *Robinson v. City of Chicago*, 868 F.2d 959, 966 (7th Cir. 1989). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Bradley has not shown that he is in immediate danger of sustaining a direct injury nor has he shown that his past exposure to allegedly illegal conduct constitutes a present controversy regarding injunctive relief. *Id.* Bradley thus lacks standing to bring a claim for injunctive relief.

Finally, Bradley's complaint fails to state a plausible claim because he seeks punitive damages but he does not allege any facts supporting his allegation that Defendants acted willfully, wantonly, or recklessly. (ECF 1 at 2). Punitive damages are only appropriate in a Section 1983 action "when the defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights, as well as when it is motivated by evil motive or intent." *Smith v. Wade*, 461 U.S. 30, 30 (1983). Bradley merely states that there were "willful, wanton, wreckless" (*sic*) actions by DCS, but he does not allege any facts to support that conclusion. Therefore, Bradley has stated only a speculative claim, not a plausible one, and his complaint cannot survive.

Accordingly, the Court **DENIES** Bradley's motion to proceed *in forma pauperis*. (ECF 2). Also pending in this case are several other motions. Bradley's motion to set hearing (ECF 4), his motion for mediation (ECF 15), his motion to stay due to hiring counsel (ECF 16) and his motion withdrawing the motion to stay (ECF 18), his motion to preserve evidence (ECF 17), his second motion to proceed *in forma pauperis* (ECF 19), his motion to set status hearing (ECF 20), and his motion for joinder of parties (ECF 21) are all **DENIED AS MOOT** because his first motion to proceed *in forma pauperis* is denied.

Bradley filed a motion to amend his pro se complaint on November 12, 2024. (ECF 6). The Court reviewed his proposed amended complaint and determines that, for the same reasons above, the proposed amended complaint also fails to state a plausible claim for relief. His motion to amend his pro se complaint is therefore **DENIED** as well. (ECF 6).

4

Finally, Defendants' filed a motion to dismiss for failure to state a claim on November 15, 2024. (ECF 10). Since Bradley's motion to proceed *in forma pauperis* is denied because the underlying complaint fails to state a plausible claim for relief, Defendants' motion is **DENIED AS MOOT**. (ECF 10).

Bradley may file an amended complaint to comply with the federal rules and refile a motion to proceed *in forma pauperis* by September 15, 2025. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Any amended complaint must plead sufficient facts to allow the Court and Defendants to understand there is a plausible claim. *See Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 570. Failure to comply with this deadline, plead federal jurisdiction, state a plausible claim, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of Bradley's case without further notice. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

SO ORDERED on August 15, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT